IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:08CV436-1-T
(3:01CR11)

| | |
|---|---|
| TERRY W. STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed September 18, 2008. For the reasons stated herein, Petitioner's motion is denied and dismissed.

### I. PROCEDURAL HISTORY[1]

On May 10, 2001, a grand jury returned a second superseding indictment charging Petitioner with 37 counts of conspiracy, mail fraud,

---

[1] The case has had a tortured procedural history due to the prolific, harassing and frivolous *pro se* filings of the Petitioner. This Court has set forth only the procedural history relevant to the ruling herein.

wire fraud, and money laundering.  **Superseding Bill of Indictment, filed May 10, 2001.**  After a trial in November 2001, in which Petitioner represented himself, a jury convicted Petitioner on 24 of the 37 counts. *See* **Verdict Sheet, filed November 9, 2001.**  On September 19, 2003, the Court sentenced Petitioner to a total of 2,100 months imprisonment. **Judgment of Conviction in a Criminal Case, filed September 29, 2003**. On September 25, 2003, Petitioner timely appealed his conviction and sentence.  **Notice of Appeal, filed September 25, 2003**.

On appeal Petitioner raised seven claims:  1) he did not knowingly and intelligently waive his right to counsel;  2) the district court erred in not offering Petitioner stand-by counsel;  3) there was insufficient evidence to support his conviction;  4) the district court erroneously quashed the subpoena for co-Defendant Phillip Vaughan;  5) the district court erroneously excluded Vaughan's hearsay statements;  6) illegal search and seizure;  7) his rights under *Brady*[2] were violated;  8) he was not afforded the opportunity to testify at his trial because the Court failed to advise him of that right;  9) district court erred in failing to give the jury a "reliance on the expert" instruction; and 10) the district court erroneously applied the

---

[2] ***Brady v. Maryland*, 373 U.S. 83 (1963).**

sentencing guidelines and violated *Booker*.[3]  ***United States v. Stewart, 129 F. App'x 758 (4th Cir. 2005)***.  On April 14, 2005, the Fourth Circuit affirmed Petitioner's conviction in all respects, but vacated his sentence and remanded the case for resentencing in compliance with *Booker* and its progeny.  *Id*.

On August 31, 2005, the Court resentenced the Petitioner to a total of 240 months imprisonment.  **Amended Judgment of Conviction in a Criminal Case, filed September 7, 2005**.  Petitioner timely appealed the amended judgment, challenging the recalculations of his sentence; the Fourth Circuit subsequently affirmed the amended sentence.  **Notice of Appeal, filed September 13, 2005;** *United States v. Stewart*, **221 F. App'x 253 (4th Cir. 2007).**  Petitioner's petition for writ of *certiorari* with the U.S. Supreme Court was denied on October 1, 2007.

On September 18, 2008, Petitioner timely filed this motion to vacate arguing that: 1) the Grand Jury was induced by fraud to issue the indictment; 2) the Government committed fraud on this Court to obtain the conviction; 3) this Court was induced by fraud to deprive Petitioner of fair and impartial judicial proceedings; and 4) he received ineffective

---

[3] ***United States v. Booker*, 543 U.S. 220 (2005).**

assistance of counsel and prosecutorial misconduct.  **See Motion to Vacate, at 4-5;** *see also*, **Affidavit of Terry W. Stewart,** *attached to* **Motion to Vacate.**

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein.  **Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.**  In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.  *Id.*  Following such directive, the Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## III. ANALYSIS

### A. Procedural Bar

Many of Petitioner's claims raised in his motion and affidavit were not raised on direct review. Claims that could have been raised on appeal, but were not, are procedurally defaulted. **See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).** Petitioner does not sufficiently establish any basis for finding that cause and prejudice exist to excuse his procedural default. Nor does he allege that he is actually innocent. Consequently, Petitioner has procedurally defaulted these claims except for his ineffective assistance of counsel claim. *Id.* For those claims he raised on direct review, the Fourth Circuit's ruling on such issues would preclude this Court's review of any such claims. **See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action).**

## B. Ineffective Assistance of Counsel

Petitioner alleges that he received ineffective assistance of counsel during his trial. Petitioner represented himself at trial. It is axiomatic that he cannot now raise an ineffective assistance of counsel claim with regard to trial issues in an attempt to vacate his conviction.

Petitioner, however, also raises allegations of ineffective assistance of counsel at sentencing and on appeal. He was represented by counsel at sentencing and on appeal.

Petitioner asserts that his counsel at sentencing and on appeal failed to argue that this Court unconstitutionally delegated imposition of the restitution penalty to a Special Master who is not an Article III judge. Section 3664(d)(6) of Title 18, United States Code, authorizes a district court to "refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to the disposition." This section requires such referral must be subject to a *de novo* determination of the issue by the Court. The record reveals, and Petitioner does not make any assertion to the contrary, that the referral at issue was subject to a *de novo* review by this Court. Consequently, because any objection to the referral of

restitution issues to a special master would have been meritless, Petitioner's counsel at sentencing and on appeal were not ineffective for failing to raise such claims.

Petitioner also alleges that his appellate counsel failed to raise claims of prosecutorial misconduct and witness tampering. Petitioner does not delineate which precise facts from his lengthy § 2255 motion support these broad allegations. However, based upon a review of his motion, it appears Petitioner's witness tampering claim is based upon his broad, unsupported assertion that Robert Ridgeway's testimony before the Grand Jury was false. Such a blanket accusation is wholly insufficient to support a claim of ineffective assistance of appellate counsel. **See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").**

Petitioner's allegation of ineffective assistance of appellate counsel based upon alleged prosecutorial misconduct is likewise vague. Such claim appears to be based, at least in part, upon Petitioner's assertion that

federal agents conducted an illegal search and seizure.[4] Aside from broadly asserting that the agents exceeded the scope of the search warrant and failed to provide him for a full receipt of the items taken, Petitioner provides no details with regard to this claim. Petitioner's claim may also be based upon his assertion that the prosecution knowingly withheld favorable evidence from him. Again, Petitioner provides no further details about this allegation. As previously stated, such blanket accusations are simply insufficient to support a claim of ineffective assistance of appellate counsel. **See Nickerson, 971 F.2d 1136**. Moreover, Petitioner raised both an illegal search and seizure claim and a *Brady* claim in his direct appeal which were denied. **Stewart, 129 F. App'x 758.**

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence is **DENIED**. A Judgment dismissing this action is filed herewith.

---

[4] To the extent Petitioner's ineffective assistance of appellate counsel claim is based upon the alleged fraudulent testimony at the grand jury, for the reasons stated above, such claim is denied.

Signed: November 7, 2008

Lacy H. Thornburg
United States District Judge