**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv436
[3:01cr11]**

| | |
|---|---|
| TERRY STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's "Pro Se Motion for Relief From Judgment or Order Pursuant to Rule 60(b)(2) & (4)-(6) Federal Rules of Civil Procedure" (#11). A review of the docket in this matter reveals that petitioner filed a previous Motion to Vacate, Set Aside, or Correct Sentence on September 30, 2004, which was denied and dismissed by the court.[1] Petitioner appealed the dismissal; however, the appeal was dismissed as petitioner failed to first seek a certificate of appealability as required by 28 U.S.C. § 2253(c)(1). United States v. Stewart, No. 09-6151, at p. 2 (4th Cir. May 5, 2009) (unpublished, available herein as docket entry #9).

Federal Rule of Civil Procedure 60(b) provides for post-judgment relief where the moving party demonstrates:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)  the judgment is void;

---

[1] In its Memorandum and Order, the court noted that "[t]he case has had a tortured procedural history due to the prolific, harassing and frivolous *pro se* filings of the Petitioner." Mem., p. 1.

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Where a petitioner seeks relief from a criminal judgment under Rule 60(b), on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). The appellate court went on to provide "a relatively straightforward guide" for determining when a Rule 60(b) motion is actually an attempted successive collateral review application:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id., at 207.

Applying the guidance of Winestock to this motion, the court finds that petitioner primarily contests this court's previous dismissal of arguments raised in petitioner's first § 2255 motion. See Mem., pp. 10, 13, 14. Petitioner also claims that he is entitled to relief under Rule 60(b)(5) and (6) and says that there has been "a change in decisional law and extra-ordinary circumstances [which] merit relief under 60(b)." Mem., p. 6. Petitioner points to a Supreme Court case, Porter v. McCollum, 130 S.Ct. 447 (2009), in which the court ruled that the petitioner, who was convicted of two murders and sentenced to death, had deficient penalty-phase counsel, who failed to uncover and present any mitigating evidence during sentencing. Id., p. 453. The court fails to find any meaningful similarity between petitioner and the petitioner in Porter. Here, petitioner was represented by counsel at re-

sentencing, and his counsel noted that petitioner is a "decorated veteran" and "had a good prior history as far as criminal record goes." Sentencing Transcript, p. 6. Indeed, petitioner's sentence was subject to numerous enhancements, based on the nature of the non-violent crimes upon which he was convicted, and did not warrant any departures, notwithstanding petitioner's military service, age, and lack of a significant prior criminal history.

Indeed, because Petitioner's motion simply attacks the validity and length of his criminal sentence, it must be read as a § 2255 motion, notwithstanding its caption. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion.). However, Petitioner already has exhausted a § 2255 motion. *See United States v. Hendricks*, 30 F. App'x 135 (4th Cir.2002) (affirming the district court's denial of Petitioner's § 2255 motion). Therefore, this motion is a "second or successive" motion under § 2255, *Winestock*, 340 F.3d at 206, and Petitioner must obtain a certification from the Fourth Circuit before he may bring it in the district court, 28 U.S.C. § 2244(b)(3)(A). Because he has failed to obtain certification to bring this "second or successive" § 2255 motion, it must be dismissed. Winestock, 340 F.3d at 207.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's " Pro Se Motion for Relief From Judgment or Order Pursuant to Rule 60(b)(2) & (4)-(6) (#11) is **DENIED** as non-justiciable under United States v. Winestock, supra; and (2) such motion, deemed to be a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, is **DENIED** without prejudice as petitioner has not first sought and received permission from the Court of Appeals for the Fourth Circuit to file a second or successive petition.

**Declination of a Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 17, 2012

Max O. Cogburn Jr.
United States District Judge